UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION


FILED
MAR 26 2020
CLERK

| | |
|---|---|
| DAVID JOHN ASMUSSEN,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN DARIN YOUNG, THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA,<br><br>Respondents. | 1:19-CV-01024-CBK<br><br>**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS<br>AND<br>ORDER DENYING A CERTIFICATE OF APPEALABILITY** |

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2007 state court convictions and life sentences for kidnapping. I found on initial review that the petitioner had failed to raise his petition within the one-year period of limitations set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). In fact, as set forth in my previous order, petitioner waited eight years after his convictions and sentences became final before he filed his state court petition for a writ of habeas corpus in 2015. I ordered petitioner to set forth cause, if any, why the petition should not be dismissed as untimely.

Petitioner contends that his claims should be considered under 28 U.S.C. § 2244(d)(1)(D) which provides that the period of limitation shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner contends that his claims arise out of the Sixth Amendment right to counsel, that such claims are factual in nature, and that therefore dismissal is premature.

Central to a claim that the rule in § 2244(d)(1)(D) applies and the period of limitations does not begin to run until the discovery of the factual predicate of the claim is an actual fact that was not previously discovered. Petitioner merely alleges that he was

denied the right to effective assistance of counsel. Petitioner has set forth no "vital facts underlying those claims," Martin v. Fayram, 849 F.3d 691, 696 (8th Cir. 2017), which he did not and could not have earlier discovered. Any failure of the state trial court to afford petitioner the right to counsel would have been known to him by the time his case concluded.

Petitioner insisted on firing his attorney and representing himself at trial. Following a pre-trial competency hearing and the Faretta[1] advisements, the state trial court allowed petitioner to represent himself at trial. Asmussen v. Young, 932 NW2d 922, 923-24 (SD 2019). Petitioner now contends that he should not have been allowed to do so. It is clear that petitioner's claim is untimely. Petitioner does not claim that he was unaware he represented himself at trial. He has not identified in his petition or in his response to the previous order any fact that he only became aware of in 2015 (when he filed his state habeas petition alleging that he should not have been allowed to represent himself).

Now, therefore,

IT IS ORDERED that the petition for a writ of habeas corpus is denied as untimely.

**TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT:**

Petitioner filed a petition pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus challenging his convictions for kidnapping and life sentences. He raised a claim of the denial of the Sixth Amendment right to counsel. The petition was denied as untimely.

---

[1] A criminal defendant has a Sixth Amendment right to represent himself. Faretta v. California, 422 U.S. 806, 818, 95 S. Ct. 2525, 2532, 45 L. Ed. 2d 562 (1975). "It is undeniable that in most criminal prosecutions defendants could better defend with counsel's guidance than by their own unskilled efforts." Id. at 422 U.S at 834, 95 S. Ct. at 2540. Although defendant's choice to conduct his own defense may ultimately be to his detriment, his choice must be honored. Id., 95 S.Ct. at 2541. Faretta requires a hearing in which the defendant is warned of the dangers and disadvantages of self-representation to ensure the defendant is knowingly and intelligently waiving the right to counsel. Faretta v. California, 422 U.S. at 835, 95 S.Ct. at 2541.

Pursuant to 28 U.S.C. § 2253(c)(1)(a), an appeal from an order denying a petition for a writ of habeas corpus may not be taken unless a judge issues a certificate of appealability. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Petitioner did not and has not made a substantial showing of the denial of a constitutional right.

**IT IS HEREBY CERTIFIED** that there does not exist probable cause of an appealable issue with respect to the Court's order denying the petition for a writ of habeas corpus. This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22.

DATED this 20th day of March, 2020.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

3