UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| DAVID JOHN ASMUSSEN,<br><br>              Petitioner,<br><br>vs.<br><br>WARDEN DARIN YOUNG, THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA,<br><br>              Respondents. | 1:19-CV-01024-CBK<br><br>OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION AND<br>ORDER DENYING A CERTIFICATE OF APPEALABILITY |

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court kidnapping convictions and life sentences. Petitioner contended that the state court erred in allowing him to represent himself at trial because he was not competent to represent himself. The petition was denied as untimely because petitioner failed to set forth cause why he waited eight years after his convictions and sentence became final before he filed his state court petition for a writ of habeas corpus in 2015 (and thus the statute of limitations for filing a federal petition for a writ of habeas corpus had already expired). A certificate of appealability was denied.

Petitioner filed a motion for reconsideration and a motion to amend the petition. Those motions were denied. Petitioner appealed and the United States Court of Appeals for the Eighth Circuit denied a certificate of appealability and dismissed the appeal on August 24, 2020.

Petitioner has now filed a motion pursuant to Fed. R. Civ. P. 60(b) for reconsideration of the original order denying his petition for a writ of habeas corpus. The United States Supreme Court has ruled that "a Rule 60(b) motion that seeks to revisit the federal court's denial on the merits of a claim for relief should be treated as a successive habeas petition." Gonzalez v. Crosby, 545 U.S. 524, 534, 125 S. Ct. 2641, 2649, 162 L.

Ed. 2d 480 (2005). Only Rule 60(b) motions that challenge "a nonmerits aspect of the first federal habeas proceeding" can proceed. *Id.*

> Rule 60(b) has an unquestionably valid role to play in habeas cases. The Rule is often used to relieve parties from the effect of a default judgment mistakenly entered against them, a function as legitimate in habeas cases as in run-of-the-mine civil cases. The Rule also preserves parties' opportunity to obtain vacatur of a judgment that is void for lack of subject-matter jurisdiction - a consideration just as valid in habeas cases as in any other, since absence of jurisdiction altogether deprives a federal court of the power to adjudicate the rights of the parties. . . . Moreover, several characteristics of a Rule 60(b) motion limit the friction between the Rule and the successive-petition prohibitions of AEDPA, ensuring that our harmonization of the two will not expose federal courts to an avalanche of frivolous postjudgment motions. First, Rule 60(b) contains its own limitations, such as the requirement that the motion "be made within a reasonable time" and the more specific 1-year deadline for asserting three of the most open-ended grounds of relief (excusable neglect, newly discovered evidence, and fraud). Second, our cases have required a movant seeking relief under Rule 60(b)(6) to show "extraordinary circumstances" justifying the reopening of a final judgment. Such circumstances will rarely occur in the habeas context. Third, Rule 60(b) proceedings are subject to only limited and deferential appellate review. Many Courts of Appeals have construed 28 U.S.C. § 2253 to impose an additional limitation on appellate review by requiring a habeas petitioner to obtain a COA as a prerequisite to appealing the denial of a Rule 60(b) motion.

Gonzalez v. Crosby, 545 U.S. at 534–35, 125 S. Ct. at 2649–50 (internal citations omitted). Justice Kagan aptly described the possible abuse inherent in a Rule 60(b) motion for reconsideration: "A Rule 60(b) motion—often distant in time and scope and always giving rise to a separate appeal—attacks an already completed judgment. Its availability threatens serial habeas litigation; indeed, without rules suppressing abuse, a prisoner could bring such a motion endlessly." Banister v. Davis, ___ U.S. ___, ___, 140 S. Ct. 1698, 1710, 207 L. Ed. 2d 58 (2020).

I never reached the merits of petitioner's habeas claim. In his Rule 60(b) motion, petitioner claims that he is entitled to equitable tolling of the AEDPA statute of limitations due to his mental incompetency which caused his failure to timely file his federal petition. In that respect, petitioner is not challenging the merits of his habeas claims but instead attacks the non-merits basis for dismissal of his petition. The Supreme

Court apparently considers a Rule 60(b) motion an appropriate means of revisiting the non-merits dismissal of his petition.

Petitioner's petition for a writ of habeas corpus was denied based upon the one-year period of limitations set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d). Petitioner was sentenced on January 10, 2007. He did not appeal his convictions and sentences to the South Dakota Supreme Court. The period for filing a direct appeal of a criminal conviction in South Dakota is 30 days. *See* SDCL 23A-32-15. Therefore, because petitioner did not file an appeal, his judgment became final and the AEDPA statute of limitations began to run on February 9, 2007. The statute of limitations ran on February 8, 2008.

Upon initial review of the federal petition for a writ of habeas corpus, I ordered petitioner to set cause why his petition should not be dismissed as untimely. In response, petitioner filed an affidavit claiming he needed help from others at each stage of his post-conviction filings and he requested the appointment of counsel. He also filed a response asserting that this Court should afford him a hearing on his Sixth Amendment claims. He at no time offered any excuse for filing his federal petition more than 11 years after his convictions and sentences became final. Petitioner raised his competency as an excuse for failing to timely file his for the first time in his most recent Rule 60(b) motion for reconsideration.

The United States Supreme Court held in 2010 that the one-year period of limitations set forth in 28 U.S.C. § 2244(d) "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010). "A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. at 649, 130 S. Ct. at 2562 (internal quotations omitted).

"A petitioner seeking equitable tolling on the grounds of mental incompetence must show extraordinary circumstances, such as an inability to rationally or factually personally understand the need to timely file, or a mental state rendering an inability

3

personally to prepare a habeas petition and effectuate its filing." Orthel v. Yates, 795 F.3d 935, 938 (9th Cir. 2015). Equitable tolling on the basis of incompetency requires a showing that the petitioner was suffering from a mental disease, disorder, or defect that substantially affected his ability to file a timely petition for a writ of habeas corpus. *See*, Gordon v. Arkansas, 823 F.3d 1188, 1196–97 (8th Cir. 2016). "Mental illness and legal incompetence are not identical, nor are all mentally ill people legally incompetent." Nachtigall v. Class, 48 F.3d 1076, 1081 (8th Cir. 1995) (incompetency as cause for procedural default of habeas claims).

Petitioner contends in support of his claim that he was incompetent that he "wrote a claimed 300 letters to every state bar member on the list asking them to take his case, wrote the Innocence Project and ACLU, wrote/filed various and confusing letters/papers to the state courts, State S. Ct., Federal District Court of Appeals and U.S. Supreme Court." He claims he did so before and after the running of the AEDPA statute of limitations. He contends he did not understand that he could request an attorney from his sentencing court to initiate a timely appeal. Petitioner also points out that, during the time he should have filed his petition, he submitted pleadings in his previous federal cases that I found were nonsensical and legally frivolous. He points out that he took the absurd position that he had a criminal defense to prosecution under the Uniform Commercial Code. It has long been the law that competency in the context of criminal cases is not the competency to represent oneself – that defendant's technical legal knowledge is not relevant to a competency determination. Godinez v. Moran, 509 U.S. 389, 399–400, 113 S. Ct. 2680, 2687, 125 L. Ed. 2d 321 (1993) (*citing* Faretta v. California, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975)).

State and federal court records, of which I take judicial notice, bely petitioner's contention that he was incompetent and that such condition prevented him from timely pursuing federal habeas corpus remedies. In July 2009, petitioner filed various documents in his closed federal criminal case, 1:95-cr-10003-CBK. Although legally nonsensical, they demonstrate that he was not prevented due to any claimed incompetency from filing claims relating to his previous federal criminal conviction and

sentence. In September 2014, petitioner filed a complaint in the Court of Federal Claims, 1:14-cv-00825-VJW. He also filed motions to proceed *in forma pauperis* and for an extension of time.

As set forth previously, petitioner was sentenced in state court on January 10, 2007. On February 14, 2007, he filed a document in his state court criminal file contending the state court had no jurisdiction over him. He thereafter filed three separate Freedom of Information Act requests for records. In 2008, he filed a notice of default with the Codington County clerk of courts regarding the claimed failure to respond to his Freedom of Information Act requests. In May 2009, petitioner filed a demand for dismissal and reversal of his state court judgment. In 2014, he again filed letters with the Codington County Clerk of Court, asking for the appointment of counsel in three separate documents and asking that his case be referred to another judge. In 2015, petitioner filed his state court petition for a writ of habeas corpus, notwithstanding his now claimed mental incapacitation to present his claims.

Petitioner was evaluated at the South Dakota Human Services Center in 2004 and was found competent to stand trial in Codington County, South Dakota on stalking and violation of a restraining order charges, case #14C02000083A0. That evaluation was considered by the state court in determining that petitioner was competent to waive his right to represent himself on the 2006 kidnapping charges. Petitioner has not submitted any subsequent evaluations or records of mental health treatment which would call into question his competency. Petitioner has failed to carry his burden of demonstrating that he, at any time following his 2007 judgment and conviction on the kidnapping charges, was not competent. He has presented nothing more than mere allegations that he was not competent to pursue timely habeas relief, which is insufficient to invoke equitable tolling of the AEDPA's statute of limitations.

Even if petitioner could support his claim that he was not competent to timely assert his federal habeas remedy, he cannot demonstrate that his lack of competency "actually impaired his ability to pursue his claims throughout the limitations period." Conroy v. Thompson, 929 F.3d 818, 820 (7th Cir. 2019). As set forth above, following

the imposition of his January 2007 life sentence, petitioner filed many documents in both federal and state court, many attacking other criminal convictions. The records show that he was not prevented by any claimed lack of competency from pursuing claims for relief.

I find that petitioner is not entitled to equitable tolling of the one-year statute of limitations for filing a petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2254. He did not pursue his rights diligently and he has not shown that any extraordinary circumstance prevented him from doing so. Where, as here, the record does not indicate that mental incompetence caused the untimely filing of a petition for a writ of habeas corpus, "a district court need not hold evidentiary hearings to further develop the factual record." Orthel v. Yates, 795 F.3d at 940.

Now, therefore,

**IT IS ORDERED** that the motion, Doc. 27, for reconsideration is denied.

## TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT:

Petitioner filed a motion pursuant to Fed. R. Civ. P. 60(b) to reconsider the denial of his petition for a writ of habeas corpus. He contended that his failure to timely file his petition was caused by his mental incompetency. I denied the motion for reconsideration.

Pursuant to 28 U.S.C. § 2253(c)(1)(a), an appeal from an order denying a petition for a writ of habeas corpus may not be taken unless a judge issues a certificate of appealability. If this is such an order, the appeal from which requires a certificate of appealability, I decline to issue such a certificate. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Petitioner did not and has not made a substantial showing of the denial of a constitutional right.

**IT IS HEREBY CERTIFIED** that there does not exist probable cause of an appealable issue with respect to the Court's order denying the motion to reconsider. This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22.

DATED this 22nd day of January, 2021.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge